IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



JODY DAUGHDRILL     PLAINTIFF

VS.     CIVIL ACTION NO. 2:22-cv-64 TBM-RPM

GEORGIA-PACIFIC MONTICELLO, LLC
AND JOHN DOES 1-10     DEFENDANTS

## COMPLAINT
### (JURY TRIAL REQUESTED)

COMES NOW the Plaintiff, Jody Daughdrill, and files his Complaint against the Defendants, Georgia-Pacific Monticello, LLC and John Does 1-10, and for cause of action would show unto the Court the following:

### PARTIES

1. Plaintiff Jody Daughdrill, is an adult resident citizen of Lawrence County, Mississippi, whose address is 569 Smith Ferry Road, Sontag, Mississippi.

2. Defendant Georgia-Pacific Monticello, LLC (hereinafter "Georgia-Pacific"), is a foreign limited liability company corporation organized under the laws of the State of Delaware and may be served with process of this Court by serving its registered agent, United Agent Group, Inc., 232 Market Street, #1600, Flowood, Mississippi 39232.

3. John Does 1-10 are unnamed and/or are currently unknown individuals, businesses, corporations or other entities who have engaged or participated in the negligent acts and omissions described herein below causing the damages and injury to the Plaintiff, and as such, may be liable for all or part of the damages sought against the named Defendants. At such

time as their true names and capacities have been ascertained, Plaintiff will seek leave of Court to amend this Compliant accordingly.

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

## VENUE

5. Venue also is proper in the United States District Court for the Southern District of Mississippi, Eastern Division, because the acts or omissions complained of by the Plaintiff and giving rise to this action occurred within this district, namely, in Lawrence County, Mississippi.

## FACTS

6. Plaintiff would show that this is an action for damages incurred as the result of an accident which occurred on or about May 15, 2019. At the time of the subject accident, Plaintiff was an employee of Plaas, a subcontractor, and was performing work at the Georgia-Pacific Monticello facility in Lawrence County, Mississippi.

7. Plaintiff would show that on May 15, 2019 he was working and was walking inside a building at the Georgia-Pacific Monticello facility. Plaintiff would show that the facility had floor grating in a certain location on the inside of the building, and the grating covered a drain. Plaintiff would show that most of the grating was metal with the exception of the section at a doorway. The grating at the doorway was plastic. When Plaintiff walked through the doorway, the grating suddenly and without warning gave way, causing Plaintiff to fall through the grating into the drain. As a result, the Plaintiff suffered serious injuries. The negligence of

Georgia-Pacific and/or John Does 1-10 in using insufficient or damaged grating at the doorway over a drain, and/or using grating in a negligent and improper manner, is the sole proximate cause or a proximate contributing cause of Plaintiff's injuries and damages as set forth herein.

## CAUSES OF ACTION

### A. NEGLIGENCE

### (ALL DEFENDANTS)

8. Plaintiff would show that Defendant Georgia-Pacific and John Does 1-10 are guilty of negligence in that it, having a duty to use care, failed to provide a safe environment in which workers could safely work without injury and other such acts of negligence to be shown at the trial of this matter.

9. Defendants had a duty to maintain and operate the facility at issue in a manner as to avoid causing injury to persons such as the Plaintiff. They failed to do so and Plaintiff suffered injuries as a result.

10. Defendants also negligently failed to warn the Plaintiff of the dangerous condition.

11. But for the negligence of Defendants, Plaintiff would not have suffered injuries.

12. Upon information and belief, Plaintiff further alleges that Defendant Georgia-Pacific Monticello LLC, as well as John Doe Defendants, committed other acts and omissions currently unknown to him. Plaintiff further alleges other negligent acts according to proof at trial.

### B. PREMISES LIABILITY

### (ALL DEFENDANTS)

13. At all times referenced in this Complaint, Defendant Georgia-Pacific Monticello LLC operated the facility at which Plaintiff was working at the time of his injures.

14. While working for a third party contractor, Plaintiff was injured at Defendant's facility.

15. Defendants failed to operate the facility in a reasonably safe condition.

16. Defendants failed to warn Plaintiff of the danger posed by the unsafe floor grating.

17. Defendants failed to inspect or exercise due care with respect to the matters alleged in this Complaint.

18. As a direct and proximate result of the foregoing, Plaintiff received injuries.

## DAMAGES

19. Plaintiff Jody Daughdrill would show that he suffered severe personal injuries, including dislocation of his left shoulder which required arthroscopic labral reconstruction of the shoulder; and that one of Plaintiff's front teeth was knocked out when he fell; that he has suffered physical pain, suffering and discomfort and will suffer pain and discomfort in the future as a result of said injuries directly and proximately caused by the negligence of Defendant Georgia-Pacific as aforesaid. Plaintiff also suffered significant lost wages as he was not released to work until approximately nine (9) months following the accident.

20. Plaintiff Jody Daughdrill has incurred medical expense and may reasonably expect to incur additional medical expense in the future; that Plaintiff Jody Daughdrill's injuries may be permanent and progressive in nature; and that Defendants should be required to pay for the past, present and future medical care, and for his past, present and future physical pain and discomfort caused by the negligence of Defendants.

21. Plaintiff Jody Daughdrill would further show that as a direct and proximate result of the negligence of Defendants, he has suffered severe mental anguish and emotional distress as

a result of the injuries sustained in said incident; that Plaintiff Jody Daughdrill still suffers severe mental anguish and emotional distress; that Plaintiff Jody Daughdrill will continue to suffer more mental anguish and emotional distress in the future and that said injuries have diminished his capacity for enjoyment of life; Defendants should be required to compensate Plaintiff Jody Daughdrill for his past, present and future mental anguish and emotional distress and diminished capacity.

22. Plaintiff Jody Daughdrill would further show that as a direct and proximate result of the negligence of Defendants, he has suffered permanent physical impairment as a result of the injuries he sustained in said accident.

23. Plaintiff Jody Daughdrill would demand judgment for compensatory damages of and from Defendant Georgia-Pacific Monticello, LLC and/or John Does 1-10, in an amount to be determined by the jury, as well as costs of court and post-judgment interest.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Complaint be received and filed by this Court, and that at trial, the Court will award Plaintiff Jody Daughdrill a judgment for compensatory damages of and from Defendant Georgia-Pacific Monticello, LLC and/or John Does 1-10 in an amount to be determined by the jury, as well as costs of court and post-judgment interest.

Plaintiff prays for such other and further relief as the Court deems proper.

Respectfully submitted on this 12th day of May, 2022.

JODY DAUGHDRILL, PLAINTIFF

BY: _____
ATTORNEY FOR PLAINTIFF

- 5 -

Kelley M. Berry (MSB #99116)
BERRY & MUNN, P.A.
P.O. Drawer 768
201 Downing Street
Hazlehurst, MS  39083
Telephone: (601) 894-4150
Facsimile:  (601) 894-4717