IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JODY DAUGHDRILL**                                              **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO. 2:22-CV-64-TBM-RPM**

**GEORGIA-PACIFIC**                                  **DEFENDANTS**
**MONTICELLO LLC**
**AND JOHN DOES 1-10**

## ANSWER

Georgia-Pacific Monticello LLC ("Georgia-Pacific"), improperly named as Georgia-Pacific Monticello, LLC answers Plaintiff's complaint as follows:

### Parties

1. On information and belief, admitted.

2. Admitted.

3. This allegations in this paragraph are directed at other parties, and therefore no response is required. To the extent the allegations are intended to impute liability to Georgia-Pacific, denied.

### Jurisdiction

4. Georgia-Pacific denies that it is liable for any sum, including the alleged amount in controversy. The Court's jurisdiction is a legal conclusion to which no response is required. On information and belief, the remaining allegations in the paragraph are admitted.

5. Venue is a legal conclusion to which no response is required. Georgia-Pacific admits the remaining allegations in this paragraph.

1

Facts

6. Georgia-Pacific denies that it is liable for any damages but, upon information and belief, admits the remaining allegations in the paragraph.

7. Georgia-Pacific admits that Plaintiff was working inside the Monticello facility on May 15, 2019; that floor grating covered some areas of the floor at the facility; that the grating was mostly metal; and that Plaintiff fell and suffered injuries. The remaining allegations in the paragraph are denied.

Causes of Action

A. Negligence

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

Premises Liability

13. Admitted.

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

Damages

19. Georgia-Pacific lacks sufficient information to form a belief as to the truth of the allegation concerning Plaintiff's lost wages. Georgia-Pacific denies the remaining allegations in the paragraph.

20. Denied.

21. Denied.

22. Denied.

23. Georgia-Pacific denies that Plaintiff is entitled to any damages, costs of court, post judgment interest, or other relief.

Georgia-Pacific denies that Plaintiff is entitled to any of the relief demanded in the unnumbered paragraph that begins "WHEREFORE, PREMISES CONSIDERED" or the unnumbered paragraph that follows it.

## SEPARATE DEFENSES

1. Plaintiff's claims are barred or limited by assumption of the risk.

2. Plaintiff's claims are barred if he failed to disclose his personal injury claim in bankruptcy submissions.

3. Plaintiff's claims are limited to the extent that he failed to mitigate his damages.

4. Plaintiff's claims may be subject, in whole or in part, to the worker's compensation bar/immunity and to precedent extending that bar/immunity to certain types of employers who hire contractors and other comparable actors.

5. Plaintiff fails to state a claim upon which relief can be granted.

6. Georgia-Pacific reserves the right to assert common law indemnity rights against any actively negligent tortfeasors.

7. Plaintiff's claims may be barred or limited if he was injured by the act of a fellow servant.

8. Georgia-Pacific asserts the protections of Miss. Code § 85-5-7, including the right to assert comparative fault against Plaintiff and all other persons.

9. Georgia-Pacific asserts the protections of Miss. Code § 11-1-60. Plaintiff's alleged non-economic damages are strictly capped.

10. Plaintiff's claims may be barred or limited by his recovery from other sources.

11. Georgia-Pacific asserts, to the extent applicable, waiver, estoppel, illegality, and laches.

12. Plaintiff's claims may be barred or limited by a prior release.

13. Georgia-Pacific reserves the right to plead all other available defenses that may become applicable through discovery.

WHEREFORE, Georgia-Pacific demands judgment in its favor against Plaintiff, a dismissal of Plaintiff's complaint with prejudice, together with costs of suit, and all other relief the Court deems equitable and just.

Date:   June 16, 2022

/s/   Simon Bailey
Michael J. Bentley (MBN 102631)
mbentley@bradley.com
Simon T. Bailey (MBN 103925)
sbailey@bradley.com
James Stephen Fritz, Jr. (MBN 105936)
sfritz@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
Suite 1000, One Jackson Place
188 East Capitol Street
Post Office Box 1789 Jackson, MS 39215-1789
Telephone:    (601) 948-8000
Facsimile:    (601) 948-3000

*Attorneys for Georgia-Pacific Monticello LLC*

## CERTIFICATE OF SERVICE

I certify that on this 16th day of June 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/   Simon Bailey